## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO VALLE,<br>      Petitioner,<br><br>      v.<br><br>UNITED STATES OF AMERICA, et al.,<br>      Respondents. | CV 23-0583 DSF (JC)<br><br>ORDER ACCEPTING REPORT AND ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE; AND DIRECTING RESPONSE TO PETITION |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), the parties' submissions in connection with respondents' Motion to Dismiss the Petition, and all of the records herein, including the June 5, 2023 Report and Recommendation of United States Magistrate Judge ("Report and Recommendation") and respondents' objections to the Report and Recommendation ("Objections"). The Court has further made a <u>de novo</u> determination of those portions of the Report and Recommendation to which objection is made.

    The Magistrate Judge recommends that the Motion to Dismiss be denied because respondents have failed to demonstrate that dismissal is warranted at this juncture based on a failure to exhaust all available administrative remedies. In the Objections, respondents continue to argue that petitioner failed to exhaust because the Bureau of Prisons ("BOP") has no record of having received an appeal to the Regional Director. (See Objections at 5-7). Respondents assert that the absence of such record "is evidence that the appeal was never submitted." (Objections at 6). They also contend that it would undermine the

purpose of exhaustion to allow an inmate, such as petitioner, to proceed to federal court merely by "claiming" to have submitted an administrative appeal while depriving the BOP of any opportunity to address the appeal or even know about it. (Objections at 6-7).

As support, respondents cite Free v. Peiker, 2018 WL 3637009 (E.D. Cal. July 30, 2018), report and recommendation adopted, 2018 WL 11025052 (E.D. Cal. Nov. 6, 2018), aff'd, 778 F. App'x 491 (9th Cir. 2019), a civil rights action in which the district court granted summary judgment in favor of the defendants because the plaintiff, a federal inmate, had failed to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). The plaintiff in Free claimed that he submitted his regional appeal to the prison unit manager for mailing to the Regional Director, though no appeal was received, and the plaintiff never proceeded to the next and final level purportedly because he had been given no receipt or response regarding the regional appeal. See id. at *2, 4. The district court – after conducting an evidentiary hearing – concluded, first, that the plaintiff had not properly submitted the regional appeal, and second, the lack of receipt for the appeal still would not excuse the plaintiff's failure to continue pursuing available remedies. Id. at *3-4. Instead, the court reasoned, when a federal inmate does not receive a receipt for his administrative appeal, it "is akin to a rejection and the inmate should act according to [28 C.F.R.] § 542.17," which states: "When a Request or Appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection . . . to the next appeal level." 28 C.F.R. § 542.17(c). The court in Free posited that "[a]ny other requirement would encourage inmates to claim to submit appeals, without actually doing it, to avoid arguments raising exhaustion." Free, 2018 WL 3637009, at *4 (emphasis original).

In their Objections, respondents assert that this Court "should follow suit[,] as the same end-run around exhaustion would result here if the Report were adopted in full and the Motion denied." (Objections at 7-8). However, the present case differs from Free in at least two important respects. First, the record here contains little evidence to

2

contradict petitioner's plausible allegations that he properly submitted his regional appeal by providing it to the unit manager for mailing.[1] See, e.g., Herron v. Wartle, 2015 WL 5674997, at *6 (D. Ariz. Sept. 1, 2015) (petitioner sufficiently exhausted remedies because he mailed his appeal form to the Central Office, "irrespective of whether the Central Office actually received it"), report and recommendation adopted sub nom. Herron v. Winn, 2015 WL 5648001 (D. Ariz. Sept. 25, 2015), aff'd sub nom. Herron v. Shartle, 668 F. App'x 312 (9th Cir. 2016); Arnett v. Shojaie, 2011 WL 5434417, at *11 (C.D. Cal. Nov. 8, 2011) (where BOP had no record of inmate's alleged appeal and sent no response, further remedies were effectively unavailable for purposes of exhaustion under the PLRA); Hicks v. Irvin, 2010 WL 2723047, *4-8 (N.D. Ill. July 8, 2010) (same). Second, unlike the inmate in Free, after petitioner received no receipt or response regarding the regional appeal, he appropriately proceeded to the next and final level of appeal, in accordance with applicable regulations. See 28 C.F.R. §§ 542.17(c), 542.18; see also Frost v. Banks, 2010 WL 1839745, at *8 (C.D. Cal. Jan. 14, 2010) ("[T]he lack of receipt of a timely response from the Regional Director did not prevent plaintiff from proceeding to the. . . final level of the BOP's administrative process."), report and recommendation adopted, 2010 WL 1873057 (C.D. Cal. May 5, 2010). In these circumstances, respondents fail to demonstrate that dismissal is warranted for lack of exhaustion.

Accordingly, the Court overrules the Objections, and agrees with, approves, accepts and adopts the Report and Recommendation.

---

[1] In Free, the government supported its summary judgment motion with testimony from the unit manager, who credibly refuted the plaintiff's claim that the plaintiff had given him the appeal to mail to the Regional Director. See Free, 2018 WL 3637009, at *3-4. Here, no comparable evidence has been submitted on this issue, and the Court accepts petitioner's plausible allegations at this stage of the proceedings.

IT IS HEREBY ORDERED that (1) respondents' Motion to Dismiss is denied; and (2) respondents shall file a response addressing the merits of the Petition within thirty (30) days of the entry of this Order.

IT IS SO ORDERED.

Date: August 30, 2023

*Dale S. Fischer*
Dale S. Fischer
United States District Judge